UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CALVIN J. ZAR, SR.                                                    PLAINTIFF

V.                                               CIVIL ACTION NO.1:07CV133 LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY
and MICHAEL W. MEYERS, ET AL.                                        DEFENDANTS

## MEMORANDUM OPINION

The Court has before it the motion [9] of Plaintiff Calvin J. Zar, Jr. (Zar) to remand this action to the Circuit Court of Hancock County, Mississippi.   For the reasons set out below, this motion will be denied.  The Court also has before it the motion [33] of Defendant Michael W. Meyers (Meyers) to dismiss Zar's complaint as to Meyers individually.  For the reasons set out below this motion will be granted.

Zar is the owner of residential property situated as 125 Tarpon Drive, Bay St. Louis, Mississippi.  This property was insured under two policies issued by State Farm Fire and Casualty Company (State Farm).  A standard flood insurance policy, number 24-RQ-1372-9, provides $64,000 in coverage for the plaintiff's dwelling with no coverage for personal property.  A homeowners policy, number 24-BG-5216-0, provides $74,000 in coverage for the plaintiff's dwelling, $7,400 in coverage for other buildings on site, $40,700 coverage for personal property, and coverage for loss of use.  The homeowners policy includes coverage for windstorm damage, but excludes coverage for flood damage.  The flood insurance benefits have been paid, and the flood policy is not at issue in this litigation.

Plaintiff filed this action in the Circuit Court of Hancock County, Mississippi, and the defendants removed the action to this court on grounds of diversity of citizenship and the requisite amount in controversy.  Plaintiff's motion to remand challenges the propriety of the removal and the Court's subject matter jurisdiction under 28 U.S.C. §1332.  Both Zar and Defendant Meyers, State Farm's local agent, are resident citizens of Mississippi, and if Zar has stated a cause of action against Meyers, the complete diversity of citizenship necessary to establish this Court's subject matter jurisdiction is absent.

State Farm asserts that Zar has no valid grounds to proceed on his claims against Meyers and that Meyers has been improperly joined to defeat this Court's diversity jurisdiction.  In order to evaluate these assertions I must apply a very liberal standard.  Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiff all reasonable inferences in support of his claims based upon those facts.  I must also resolve all doubtful issues of state law in favor of the plaintiff.  The complaint against the non-diverse defendant, Meyers,

may be dismissed only if the facts Zar has alleged are insufficient, if proved, to establish a right of recovery against him. *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) In reaching the merits of this matter the Court may consider evidence outside the pleadings and treat the motions as motions for summary judgment under F.R.Civ.P. 56.  I will do so in this case, taking into consideration the affidavit of Meyers.

Under this liberal standard, misjoinder or fraudulent joinder is an issue on which the removing party has the burden of proof.  *B., Inc. v. Miller Brewing Co*., 663 F.2d 545 (5th Cir.1981);  *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp*., 199 F.3d 239 (5th Cir. 2000).  Thus, in order to establish that removal is proper, State Farm and Meyers must demonstrate that Zar has not alleged facts sufficient to support a reasonable belief that he may prevail on the merits of his claim against Meyers.  The facts alleged must be sufficient to raise a claim for relief above the speculative level, assuming that all the facts alleged are true, even if those facts may be doubtful.  *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Zar's substantive complaints against Meyers involve three basic allegations of misconduct:

1) that Meyers misrepresented the terms of the State Farm policies he sold to Zar, by failing to tell Zar that the homeowners policy excluded coverage for flood damage (Complaint Paragraph 42) (Zar contends that Meyers' failure to give him this notification constitutes negligence);

2) that Meyers "failed to provide coverage for personal property or contents damage" (Complaint Paragraph 15) (Zar contends that Meyers' failure to secure this coverage in the flood insurance policy constitutes negligence); and

3) that Meyers "failed to inform the Plaintiff that for a minimal increase in premium the Plaintiff could have obtained coverage which equaled or exceed the coverage under his homeowners policy" (Complaint Paragraph 16) (Zar contends that Meyers' failure to give him this information concerning his flood insurance policy also constitutes negligence).

Zar alleges that Meyers stood in a fiduciary relationship with him at the time they did business, but Zar has alleged no facts which would support a finding that such a relationship existed.

In *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007) the Court held that under Mississippi law an insured has an affirmative duty to read his policy and that the insured is charged with constructive knowledge of the contents of his policy whether he reads it or not.  Under this holding, Zar is charged with knowledge of the flood damage exclusion in his homeowners policy, and Meyers' failure to invite his attention to that specific policy provision is not sufficient to establish actionable negligence on the part of Meyers.

Meyers' affidavit (Exhibit B to the defendants' Memorandum in Opposition to the Motion To Remand) indicates that Zar "decided and approved" the amount of coverage under both the flood policy and the homeowners policy.  This statement is uncontradicted in the record before me.  Meyers' affidavit further states that the flood insurance policy was secured for the "amount required by the mortgage company" and that no request for coverage of the contents of the insured dwelling was made.  Zar does not allege that Meyers misinformed him concerning the availability of additional coverage, and since Meyers secured the coverage Zar asked for, I do not believe Meyers's doing so can support a claim of negligence.

Even if Meyers never told Zar the cost of additional flood coverage, the complaint makes no allegation that Zar made any inquiry on this point.  Where no such inquiry is alleged, the mere failure to take the affirmative step of informing the prospective insured as to the cost of coverage he (the insured) has not requested is, in my opinion, insufficient to support a claim of negligence.

In addition to these considerations, Meyers has stated in his affidavit that the transactions with Zar took place in 1994.  Under the holding in *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 440 (5th Cir. 2007), any claim based on a misrepresentation made by an insurance agent becomes time barred three years from the date the misrepresentation is made.

For these reasons, I am of the opinion that Zar has not alleged facts sufficient, if proved, to establish a right of recovery against Meyers.  An order dismissing Zar's complaint against Meyers and denying Zar's motion to remand will therefore be entered.

**DECIDED** this 5th day of March, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE